

U.S. Department of Justice

*United States Attorney
District of Maryland*

*Jacob Gordin*  *Suite 400*  DIRECT: 410-209-4816
*Special Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Jacob.gordin@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-0716

July 22, 2024

The Honorable James K. Bredar
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    <u>United States v. Michael Windom,</u>
             Criminal No.  JKB-23-096

Dear Judge Bredar:

    I am writing to state the government's sentencing recommendation in the above-referenced case.  For the reasons discussed below, the government respectfully requests that the Court impose a sentence of **<u>30 months' imprisonment</u>**.

## Sentencing Procedure

    In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case.  *Id*. at 51-52.  A sentencing court should begin by correctly calculating the applicable guidelines range.  *Id*. at 49.  After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a).  *Id*. at 49-50.  *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

**Sentencing Guidelines Calculation**

The government calculates the defendant's base offense level as 22, pursuant to U.S.S.G. § 2K2.1(a)(3), because the offense involved a semiautomatic firearm with an extended magazine, and the defendant committed this offense after sustaining a felony conviction for a controlled substance offense. With a three-level reduction for acceptance of responsibility, the total offense level under the government's calculation is 19.

| Government's Guidelines Calculations | |
|---|---|
| Base offense Level | 22 (extended mag. + 1 CSO) |
| Specific Offense Characteristics | None |
| Acceptance of Responsibility | - 2 |
| Government's motion | - 1 |
| **Final Offense level** | **19** |

The defense argues for a base offense level of 20, contending that the defendant's prior conviction does not qualify as a controlled substance offense under the categorical approach.[1]

| Defense's Guidelines Calculations | |
|---|---|
| Base offense Level | 20 (extended mag.) |
| Specific Offense Characteristics | None |
| Acceptance of Responsibility | - 2 |
| Government's motion | - 1 |
| **Final Offense level** | **17** |

The Presentence Report (PSR) agrees with the government's base offense level of 22. However, the PSR also applies a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, namely possession of marijuana.

| PSR Guidelines Calculations | |
|---|---|
| Base offense Level | 22 (extended mag. + 1 CSO) |
| Specific Offense Characteristics | + 4 (use in another felony) |
| Acceptance of Responsibility | - 2 |
| Government's motion | - 1 |
| **Final Offense level** | **23** |

---

[1] The government will address the Defense's 4B1.2 controlled substance offense arguments in its reply.

According to the PSR, the defendant has 14 criminal history points, giving him a criminal history category of VI. Accordingly, the expected guidelines range is as follows:

| | |
|---|---|
| **Government range:** | 63-78 months |
| **Defense range:** | 51-63 months |
| **PSR:** | 92-115 months |

<u>Specific Offense Characteristic Dispute</u>

The government and defense agree that the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) should not apply in this case. First, the quantity of marijuana found in the defendant's possession does not clearly indicate an intent to distribute. While the defendant possessed multiple bags of marijuana, the total amount is more consistent with personal use rather than distribution quantities.

There is also insufficient evidence to establish that the firearm was possessed "in connection with" the marijuana possession. To trigger this enhancement, there must be a nexus between the firearm and the other felony offense. In this case, there is no evidence that the firearm facilitated or had the potential to facilitate marijuana possession.

If the quantity of marijuana was clearly indicative of trafficking, such a connection would be easier to establish, as drug dealers often use firearms to protect their supply. However, this is not the case here. The amount of marijuana possessed could be consistent with personal use.

Moreover, it's important to consider the local context. In Baltimore City, marijuana use is widespread and effectively decriminalized by state authorities. Given this environment, it's not clear how or why a firearm would be used or possessed in connection with low-level marijuana possession. The mere presence of both a firearm and marijuana, without more, is insufficient to establish the required connection for this enhancement.

**Factors Set Forth in 18 U.S.C. § 3553(a)**

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The government believes the following 3553(a) factors are most relevant in this case:

I. <u>Nature and Circumstances of the Offense (3553(a)(1))</u>

The offense is serious. 18 U.S.C. § 922(g)(1) aims to keep firearms from dangerous persons, and the defendant's extensive criminal history makes his firearm possession an especially significant public safety threat. His record, spanning over a decade, includes multiple drug offenses, burglary, and assault.

3

At the time of this offense, the defendant was on probation for possession with intent to distribute narcotics and firearms possession, demonstrating blatant disregard for the law. His half-dozen probation violation convictions and commission of the instant offense while under supervision show that previous rehabilitation and deterrence attempts have failed.

The current offense is particularly concerning. The defendant possessed a loaded Polymer 80 9mm handgun with an extended 18-round magazine, posing an elevated public safety risk. His immediate admission to ownership shows awareness of his actions' unlawfulness and that he knew better.

II. History and Characteristics of the Offender (3553(a)(1))

The defendant, age 31, has a troubling history that provides context for, but does not excuse, his current offense. His unstable childhood, marked by exposure to drug dealing and violence, likely contributed to his early criminal involvement. However, it's important to note that many individuals with similar backgrounds do not engage in repeated criminal activity.

The defendant's extensive substance abuse history, beginning at age 13, has influenced his past criminal behavior. While he has completed multiple treatment programs, including a recent 45-day program in custody, his continued offenses suggest these interventions have not fully addressed his underlying issues. The defendant would benefit from the resources available at the Bureau of Prisons, especially those designed for drug addiction rehabilitation. However, due to his impending state probation violation sentence, it is unclear if and when he would be able to access such federal programs.

Importantly, there is no evidence that the instant offense was directly related to substance abuse. Since his arrest, the defendant has shown progress in addressing his substance abuse issues, which is a positive development. The government is hopeful that this progress continues, regardless of where the defendant serves his sentence.

III. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))

Viewed independently, the recommended sentence is low. However, it's crucial for the court to consider this sentence as part of a global resolution, accounting for the impending sentence the defendant will receive at his violation of probation hearing in Maryland State Court. The recommended sentence, when combined with the anticipated state proceedings, provides a comprehensive approach to addressing the Defendant's criminal conduct. The government submits that this approach strikes an appropriate balance between the seriousness of the offense, the Defendant's criminal history, and the overall interests of justice, while avoiding unwarranted sentencing redundancy between federal and state systems.

The government thanks the Court for its consideration of this matter.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

By:    Jacob Gordin
        Special Assistant U.S. Attorney

cc:    Dara Jackson-Garrett , Assistant Federal Public Defender
        Helen Domico, U.S. Probation Office
        Nikki M. Martin, Supervisory Probation Officer